Francis C. ROGERSON, Jr., et al.,

v.

XIDEX CORPORATION, R.S. Liquid Wastes Disposal Company.

Civ. A. No. 83–3876–Y.

United States District Court, D. Massachusetts.

June 13, 1986.

Thomas B. Arnold, Arnold & Kangas, P.C., Concord, Mass., for plaintiffs.

Susan M. Cooke, Goodwin, Procter & Hoar, Boston, Mass., for defendant Xidex Corp.

Gordon P. Ramsey, Ramsey & Murray, Boston, Mass., for defendant R.S. Liquid Wastes Disposal Co.

ORDER ON PLAINTIFFS' MOTION FOR DEFAULT

ROBERT B. COLLINGS, United States Magistrate.

On December 19, 1985, the plaintiffs served interrogatories and requests for production upon the defendant R.S. Liquid Wastes Disposal Company (hereinafter, R.S. Wastes). Pursuant to Rules 33(a) and 34(b), F.R.Civ.P., answers and/or objections to the interrogatories and responses to the document requests were due within thirty days from that date. No answers and/or objections to the interrogatories and no responses to the document requests were filed or served within thirty days.

On March 31, 1986, the Court held a further scheduling conference pursuant to Rule 16(b), F.R.Civ.P. At that time, no answers or objections to the interrogatories and no responses to the document requests had been served. However, at the conference, counsel for R.S. Wastes requested an extension of time within which to serve

answers to the interrogatories and responses to the document requests. The Court allowed the request, including the following paragraph in the Fifth Scheduling Order:

> (2) Pursuant to Rules 33(a) and 34(b), F.R.Civ.P., the time within which the defendant R.S. Wastes is to serve answers to the plaintiffs' interrogatories and a response to the plaintiffs' document request is ENLARGED to the close of business on *Friday, May 2, 1986.*

Emphasis in original.

No answers and/or objections to the interrogatories and no responses to the document requests were served by May 2nd. On June 5, 1986, plaintiffs filed Plaintiffs' Motion For Default (# 270) requesting that the Court default R.S. Wastes for failure to respond to plaintiffs' discovery or, in the alternative, to take certain facts to be admitted.

R.S. Wastes filed an opposition to plaintiffs' motion and requested a further extension to July 10, 1986 due to the fact that it has initiated settlement discussions with plaintiffs' counsel and had made an offer which plaintiffs' counsel stated would be responded to. Counsel for R.S. Wastes further averred that:

> ... [C]ounsel was under the impression that further action would not be taken, pending a response to the settlement offer.

R.S. Wastes' opposition is based on the mistaken notion that it can unilaterally decide not to respond to discovery when a settlement offer has been made. This is contrary to the rules.

Rule 33(a), F.R.Civ.P., provides in pertinent part:

> The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories ... *The court may allow a shorter or longer time.*

Emphasis added.

Rule 34(b), F.R.Civ.P., provides in pertinent part:

> The party upon whom the request is served shall serve a written response within 30 days after the service of the request ... *The court may allow a shorter or longer time.*

Emphasis added.

Rule 29, F.R.Civ.P., provides, in pertinent part:

> ... [T]he parties may by written stipulation ... modify the procedures provided by these rules for other methods of discovery, *except that stipulations extending the time provided by Rules 33, 34 and 36 for responses to discovery may be made only with approval of the court.*

Emphasis added.

■ The clear import of these provisions is that in no circumstances does a party, or do the parties either jointly or collectively, have the power to extend the time for responding to discovery propounded pursuant to Rules 33, 34 or 36 of the Federal Rules. If counsel for R.S. Wastes thought that there was a basis, because of settlement discussions, to request a further extension of the time for responding to the discovery, he should have either filed a motion seeking the further enlargement or presented to the Court for its approval a stipulation of counsel extending the time for responding to the discovery. A party is not justified in ignoring the deadlines or in unilaterally granting extensions of deadlines, even if for the salutary purpose of saving time and expense in answering discovery in a case which will settle. It is the Court, not counsel, which has the responsibility of determining, after receiving the input of opposing counsel, whether the prospects for settlement are sufficiently good that the time for responding to discovery should be extended. And, in the usual case, if both counsel agree that the prospects of settlement are good, an enlargement will be granted by the Court. But a party cannot decide the matter unilaterally.

■ However, in the facts and circumstances of the instant case, I do not think

that R.S. Wastes should be defaulted or deemed to have admitted any facts. Rather, a notice of delinquency shall issue pursuant to Local Rule 15(g) for failure to answer the interrogatories and an order compelling production of documents pursuant to Rule 37(a)(2), F.R.Civ.P., shall enter.

Accordingly, it is ORDERED that the Plaintiff's Motion For Default (# 272) be, and the same hereby is, ALLOWED to the following extent and otherwise DENIED without prejudice:

The Clerk is directed to issue a Notice of Delinquency to R.S. Wastes on account of its failure to serve answers to the plaintiffs' interrogatories filed on December 20, 1985.

R.S. Wastes is ORDERED, pursuant to Rule 37(a)(2), F.R.Civ.P., to produce all of the documents requested in the requests for production of documents (# 252, filed December 20, 1985) to counsel for the plaintiffs *on or before the close of business on Monday, July 7, 1986.*